# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia**
 **Plaintiff Below, Respondent**

**vs.)  No. 19-0397** (Mercer County 18-F-109-DS)

**Henry B.**
**Defendant Below, Petitioner**

**FILED**
**June 18, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Henry B.,[1] by counsel Earl H. Hager and Brandon L. Austin, appeals his convictions on two counts of sexual assault in the first degree; two counts of sexual abuse by a parent, guardian, custodian, or person in a position of trust; and two counts of incest. Respondent State of West Virginia, by counsel Andrea Nease-Proper, filed a response in support of the petitioner's conviction.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

From June 1, 2017, through February 8, 2018, petitioner sexually abused his then three-year-old biological daughter, B.B. The incidents of abuse included "alleged acts of oral sex, anal intercourse, and anal penetration by a sex toy." Upon B.B.'s disclosure of the abuse to her grandmother, petitioner was interviewed by Detective Fox of the Bluefield Police Department ("BPD"). During his interview with Detective Fox, petitioner admitted that he "accidentally put a [sex toy] in B.B.'s anus, and that [B.B.] performed oral sex on him, which he allowed, thinking it was his wife." Petitioner contends that he was either drunk or high during each incident of abuse.

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

In March of 2018, petitioner underwent a psychological evaluation performed by Dr. Timothy Saar. Dr. Saar found petitioner competent to stand trial and criminally responsible for his actions. Further, Dr. Saar noted that petitioner "was found to be malingering and attempting to feign mental disorders" and was "found to have alcohol and cannabis use disorder; mild intellectual disability, unspecified depressive disorder, and substance abuse disorder."

On June 12, 2018, petitioner was indicted by a Mercer County Grand Jury on three counts of sexual assault in the first degree; three counts of sexual abuse by a parent, guardian, custodian, or person in position of trust; three counts of incest; and one count of gross child neglect creating a substantial risk of serious bodily injury or death. In July of 2018, petitioner filed a motion for a psychiatric evaluation with Dr. Tim Thistlethwaite to determine petitioner's competency to stand trial and criminal responsibility. Petitioner's motion was granted and the evaluation was subsequently completed. On October 19, 2018, Dr. Thistlethwaite reported to the circuit court that petitioner was competent to stand trial and criminally responsible for his actions. Dr. Thistlethwaite found petitioner capable of standing trial despite "mild intellectual deficiencies" and diagnosed petitioner with depressive disorder, anxiety disorder, alcohol/cannabis use disorder, borderline intellectual functioning, personality disorder unspecified, and malingering.

During pre-trial proceedings, petitioner filed a motion to suppress his confession to Detective Fox "based on [petitioner's] diminished capacity." Petitioner argued that his confession was coerced in that he "was told by the police that if he admitted these things he would be allowed to go home." The record reflects that petitioner gave two recorded statements to law enforcement officers on the same evening. The first statement was given at approximately 5:00 p.m., after which petitioner was released. Following the first interview, law enforcement spoke to an assistant prosecutor who reportedly advised that there was enough evidence against petitioner for an arrest. Accordingly, petitioner was arrested and returned to the police station at approximately 7:00 p.m. Petitioner contends that after he was released from the first interview, he returned to his home and opened up "a bottle of Jagermeister [an alcoholic beverage] and drank 'about half of it' immediately prior to the officers returning to arrest him."

Following "a lengthy suppression hearing," that included the testimony of petitioner and Detective Fox, the court denied petitioner's motion to suppress. During his testimony, Detective Fox described that, prior to beginning petitioner's second interview, Detective Fox read "each line of the *Miranda*[2] form to [petitioner] before [p]etitioner initialed" the form. The detective noted that petitioner "did not appear to be under the influence of anything" and that "no promises or threats were made" to him. Petitioner further alleged that BPD Detective Devin Williams, the officer who transported petitioner from his home back to the police station in between his first and second interviews, was the individual who promised petitioner that he would be released if he admitted to the allegations against him. However, Detective Williams testified that he witnessed Detective Fox go over the *Miranda* form with petitioner and that petitioner did not appear to be under the influence of any substances during the second interview. Detective Williams further testified that he made no promises or threats to petitioner regarding any confession.

---

[2] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

Petitioner's trial began on December 12, 2018, following which petitioner was found guilty of two counts of sexual assault in the first degree; two counts of sexual abuse by a parent, guardian, custodian, or person in a position of trust; and two counts of incest. The other charges against petitioner were dismissed by the court at the close of the State's case-in-chief.

Thereafter, petitioner moved for a new trial and argued that the evidence elicited at trial established that petitioner lacked capacity, due to incompetence, to give a voluntary statement to the police and to stand trial. A hearing was held on petitioner's motion on March 26, 2019. By order entered April 11, 2019, petitioner's motion for new trial was denied and he was sentenced to fifty to two hundred years in prison for his convictions on two counts of sexual assault in the first degree. Petitioner's sentences on the remaining charges were suspended in lieu of seven years of supervised probation and lifetime sex offender supervision. It is from the circuit court's April 11, 2019, order that petitioner now appeals.

On appeal, petitioner asserts three assignments of error. In his first assignment of error, petitioner contends that the circuit court erred in finding that he was competent to stand trial and criminally responsible for his crimes.

> In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review.

Syl. Pt. 3, *State v. Vance*, 207 W. Va. 640, 535 S.E.2d 484 (2000).

Here, based upon our review of the record, we find that the circuit court did not err in determining that petitioner was competent to stand trial. The circuit court's determination as to petitioner's competency was based upon the reports of both a psychologist and a psychiatrist each of whom independently evaluated petitioner and deemed him competent to stand trial. Both evaluators referenced their similar beliefs that petitioner's answers to some questions were suspect and suggested possible malingering. In his report, the evaluating psychiatrist, Dr. Thistlethwaite, specifically noted that "testing suggested that [petitioner] is exaggerating symptoms and may be fully malingering some psychiatric symptoms to avoid prosecution." Petitioner's assertion that he was incompetent to stand trial based upon prior head injuries, low intelligence, and limited education is uncorroborated in the record.

In his second assignment of error, petitioner argues the circuit court erred in denying his motion for a new trial. "A trial judge's decision to award a new trial is not subject to appellate review unless the trial judge abuses his or her discretion." Syl. Pt. 3, in part, *In re State Pub. Bldg. Asbestos Litig.*, 193 W. Va. 119, 454 S.E.2d 413 (1994), cert. denied sub nom. *W.R. Grace & Co. v. West Virginia*, 515 U.S. 1160 (1995). In the instant case, the circuit court did not err in its denial of petitioner's motion for a new trial. Petitioner contends that he acted erratically at trial and that such behavior was "new evidence" of his incompetency to warrant the award of a new trial. However, there is no basis in fact or law for the award of a new trial on this ground. Prior to trial,

two evaluators independently examined petitioner and each determined that he was competent to stand trial. There was no new or surprise evidence at trial to dispute petitioner's established competency.

In his final assignment of error, petitioner contends that the circuit court erred in denying his motion to suppress his confession because the totality of the circumstances demonstrates that his statements were not voluntary. We have held that, in reviewing a motion to suppress, a trial court should

> construe all facts in the light most favorable to the State, as it was the prevailing party below. Because of the highly fact-specific nature of a motion to suppress, particular deference is given to the findings of the circuit court because it had the opportunity to observe the witnesses and to hear testimony on the issues. Therefore, the circuit court's factual findings are reviewed for clear error.

Syl. Pt. 1, in part, *State v. Lacy*, 196 W. Va. 104, 468 S.E.2d 719 (1996).

As to petitioner's claim that he was intoxicated at the time of his second statement, there was no credible evidence presented to substantiate such a claim. The involved law enforcement officers observed no evidence of intoxication. As to his limited intellectual capacity, the record reflects that petitioner was advised of his *Miranda* rights and acknowledged his understanding of the same. Additionally, there is no evidence to support petitioner's contention that his second statement was coerced aside from petitioner's self-serving statements. Given the totality of the circumstances present, including the testimony of petitioner and the involved officers, the circuit court did not err in finding that petitioner's confession and statements were voluntarily given.

Based on our review of the record, we find no merit in petitioner's contention that his confession was not voluntary. Petitioner cites a litany of reasons why his confession was inadmissible, including his low intelligence and limited education (which prohibited him from understanding his *Miranda* rights), his intoxication at the time of his second statement, and coercion. For the foregoing reasons, we find petitioner's assertions unwarranted and we affirm the petitioner's convictions.

Affirmed.

**ISSUED:** June 18, 2020

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

4